IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHERA WOODBURY, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TDC-16-2532 |
| VICTORY VAN LINES d/b/a GREAT NATION MOVING, LLC, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Sanctions ("Motion") filed by Defendant Victory Van Lines d/b/a Great Nation Moving, LLC ("Victory").[1] (ECF No. 97.) Plaintiff Shera Woodbury ("Woodbury") has not responded to the Motion and the time for doing so has passed. Because Victory seeks dispositive relief in its motion, this Report and Recommendation is submitted pursuant to Fed. R. Civ. P. 72(b)(1) and 28 U.S.C. § 636(b)(1)(B). *See also* Loc. Rule 301.5(b). For the reasons set forth below, I recommend that the Court grant Victory's Motion and dismiss Woodbury's case with prejudice.

**I.     PROCEDURAL HISTORY**

Woodbury brought this case against her former employer, Victory, to recover for discrimination on the basis of sex, national origin, and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with

---

[1] Judge Chuang referred this case to me for discovery and related scheduling matters on February 25, 2019. (ECF No. 84.)

1

Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117.[2] A scheduling order was initially entered more than one year ago, on January 3, 2018. (ECF No. 50.) A second scheduling order was entered on November 8, 2018. (ECF No. 70.) Under the current scheduling order, the deadline for the completion of discovery was March 22, 2019. (*Id.*)

On March 21, 2019, the Court granted Victory's motion to compel and ordered Woodbury to "to produce complete and non-evasive responses to Victory's Interrogatories (Nos. 1-6, 11, 13-18, and 20) and complete responses to all of Victory's document production requests" by April 3, 2019. (ECF No. 90 at 6.) The Court cautioned Woodbury that if she failed to comply with the order compelling discovery,

> Victory may file a motion for sanctions pursuant to Rule 37(b) and the Court may issue the following sanctions:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

(*Id.*)

On April 5, 2019, after the deadline for Woodbury to comply with the order compelling discovery had passed, Victory sought leave of the Court to file a motion for sanctions. (ECF No. 91.) In its letter, Victory described the deficiencies in Woodbury's discovery production. (*Id.*) The

---

[2] Woodbury also raised other claims, including violation of privacy, violation of freedom of speech, and hostile work environment, but on December 21, 2017, Judge Chuang dismissed all of her claims except those brought pursuant to Title VII and the ADA. (ECF Nos. 48 & 49.)

2

Court held an on-the-record telephone conference on April 10, 2019, to discuss Victory's proposed motion for sanctions. (ECF Nos. 93 & 101.) During the telephone conference, Woodbury equivocated about whether she had produced all of the discovery required by the Court's previous order. The Court granted Victory leave to file its motion for sanctions and established a briefing schedule. (ECF No. 94.) Victory filed the Motion in accordance with the briefing schedule, but Woodbury did not file any response.

## II. ANALYSIS

### A. Woodbury Violated the Order Compelling Discovery

Victory argues that Woodbury's discovery production is deficient in two ways. First, Woodbury produced a few dozen documents to Victory, even though she previously stated that she had "thousands" of documents to produce in discovery. (ECF No. 97-1 at 7.) Second, Woodbury provided incomplete and evasive answers to Victory's interrogatories. (*Id.* at 11.) As explained below, I find that Woodbury has violated the Court's order compelling her to produce discovery.

#### 1. Woodbury's Document Production

##### a. Medical Records

Woodbury has alleged that she suffered physical, mental, and emotional injury in connection with Victory's alleged unlawful conduct and has made a claim for related damages. In order to discover the basis for Woodbury's claim for damages, Victory sought documents pertaining to Woodbury's physical, emotional, and mental health. (*Id.* at 8.) Victory states that Woodbury "has acknowledged multiple times, including under oath at her depositions, that she has extensive documentation <u>in her possession</u> related to her medical care and treatment." (*Id.*

(emphasis in original).) Nonetheless, Woodbury has "not produced any of these documents." (*Id.* at 9.)

Victory argues that the prejudice that it will suffer in connection with Woodbury's deficient document production related to her damages is compounded by Woodbury's refusal to disclose the names of her regular medical providers to Victory. (*Id.*) Although Woodbury has reported during discovery that "she saw lots of doctors," she "could not remember the names of her regular neurologist or her therapist." (*Id.*) Woodbury stated that the identities of her medical providers were contained in the documents that were in her possession, but she never produced those documents to Victory. (*Id.*)

### b. Income and Employment Records

Woodbury has also made a claim for lost wages. Victory requested documents regarding Woodbury's income during and after her employment with Victory, as well as Woodbury's efforts to obtain alternative employment after the end of her employment with Victory. (ECF No. 97-1 at 10.) Woodbury provided Victory with minimal information about her employers during her deposition (*see* ECF No. 97-9 at 85-86, 97-98) and otherwise stated that documents relevant to Victory's questions about her other employment and related issues were in her possession but not available for production at the deposition. (*Id.*) Without these records, Victory's ability to calculate Woodbury's potential damages and to establish its affirmative defenses is hindered.

I conclude that Woodbury has violated the Court's order compelling her to produce "complete responses to all of Victory's document production requests." (ECF No. 90 at 6.) She has given inconsistent explanations over time regarding how many responsive documents she had in her possession that would be produced and how many documents she actually produced. She stated during her deposition that she had so many documents to produce, perhaps numbering in

the thousands, that she was unable to bring them all with her. (ECF No. 97-9 at 33-35.) She also stated that there were so many documents to produce that she was unable to afford the copying expense. (*Id.* at 45.) And these documents were only the ones that she was willing to produce; she confirmed that there were other documents that she would not produce because she viewed their production as an invasion of her privacy. (*Id.* at 34, 43, and 45.) Victory has provided sufficient evidence for me to conclude that Woodbury has withheld responsive documents even after the Court ordered her to produce them. *See Rangarajan v. Johns Hopkins University*, 917 F.3d 218, 223 (4th Cir. 2019) (discussing a district court's conclusion that circumstantial evidence warranted a finding that a party failed to produce documents during discovery).

### 2. Woodbury's Interrogatory Responses

#### a. Calculation of Damages

The Court ordered Woodbury to respond to Victory's Interrogatory No. 2, which directed her to "[i]temize and show how you calculate any damages claimed . . . in this action, whether economic, non-economic, punitive or otherwise." (ECF No. 97-32 at 2.) Woodbury answered the interrogatory, but Victory asserts that her answer is incomplete. Woodbury states that she seeks damages for lost wages and income, liquidated damages, prejudgment interest, economic damages, and damages for having to "back out of a mortgage contract," for the financial injury to her business and damage to her business reputation, for having to "quit and close investment accounts," for damage to her credit, and the costs of her therapy. But nowhere in her answer does Woodbury "itemize and show how [she] calculate[d]" any of these damages. (*Id.*) Certainly, some of the damages that Woodbury seeks, such as damages for embarrassment and mental distress, are difficult to quantify. However, Woodbury should have been able to calculate the other types of damages. At the end of her answer to this interrogatory, Woodbury states that a "[c]hart of the total

figure will be included in [Woodbury's document production] . . . and will be delivered before the end of April 3, 2019." (*Id.*) Victory states that "no such documents have been received." (ECF No. 97-1 at 11.) Woodbury also refers to an "attached affidavit," but the Court is unable to locate the referenced affidavit in the exhibits attached to Victory's Motion. Victory argues that it is prejudiced by Woodbury's answer because without more information about Woodbury's claims for lost wages, lost income, and medical costs (let alone the names of her employers or doctors), Victory is hamstrung in its ability to defend against the claims.

### b. Work Information

Victory's Interrogatory No. 6 directed Woodbury to "[i]dentify and describe all sources of any income and all jobs you have held from January 1, 2010 through the present," including the dates of employment, contact information for the employer, and information about pay and benefits. (ECF No. 97-32 at 4.) Victory states that Woodbury's amended answer is deficient because it does not identify the names of her other employers or describe her other income (including information about the period that Woodbury was self-employed, which would certainly be in Woodbury's possession). (ECF No. 97-1 at 11-12.) Victory further notes that Woodbury's assertion that Victory sent subpoenas to her previous employers is false, but still would not excuse Woodbury's refusal to provide a complete response to the interrogatory. Without the information sought in this interrogatory, Victory claims that it will be prejudiced because its ability to contest Woodbury's damages has been hindered.

The Court also notes that Woodbury objected to this interrogatory and requested that it be rephrased. In its previous order, the Court specifically found that the information sought was relevant and that Woodbury's attempt to refer Victory to other materials instead of simply answering the interrogatory was improper. (ECF No. 90 at 4.) The Court specifically ordered that

"Woodbury must provide a complete and non-evasive response to this interrogatory, and she shall not withhold any information on the basis of any objection." (*Id.*) In defiance of the Court's order, Woodbury persisted in her objection and referred Victory to other materials rather than answering the interrogatory.

### c. Witnesses

Victory's Interrogatory No. 16 seeks the identity of all persons who witnessed the alleged discrimination by Victory against Woodbury (or were otherwise aware of it) and related documents. (ECF No. 97-32 at 7.) Woodbury's answer states that "quite a few people" witnessed the discrimination, but she is unwilling to identify all of them.[3] She states that due to stress that she was experiencing on "April 3, 2019 3:25pm," she was "not able to remember the last names of a few possible witnesses." (*Id.*) Notably, Woodbury did not provide the first names or other known identifying information for these possible witnesses. Woodbury also failed to identify any responsive documents in connection with this interrogatory. Victory states that information about the witnesses to the alleged acts of discrimination is critical to its defense, especially because Victory denies that any discrimination occurred.

### d. Medical Information

Victory's Interrogatory No. 17 seeks information about the health care that Woodbury has received from January 1, 2010 to the present. The Court previously concluded that this information "is directly relevant to the damages that Woodbury claims" and ordered Woodbury to provide a complete answer. (ECF No. 90 at 5.) In defiance of the Court's order, Woodbury continues to

---

[3] Woodbury did identify four people: Nakia Bowens, Shalena Woodbury, Patrick Woodbury, and Sonia Moreno.

object "due to Invasion of Privacy" and relevance.[4] (ECF No. 97-32 at 8.) She instructs Victory to "rephrase the question," and notes that a subpoena was sent to some of her "medical practitioners." (*Id.*) Victory notes that discovery about Woodbury's medical treatment is necessary for it to mount a defense against her claim for damages.

Having reviewed Victory's Motion and Woodbury's responses to Victory's interrogatories and document requests, I conclude that Woodbury violated the Court's previous order (ECF No. 90) by failing to produce all documents responsive to Victory's document production requests, and by failing to provide complete and non-evasive answers to Interrogatory Nos. 2, 6, 16, and 17. Having concluded that Woodbury failed to comply with an order compelling the production of discovery, the Court must now consider whether sanctions are appropriate.

### B. Case-Dispositive Sanctions are Warranted

District courts have the authority to dismiss cases under Rule 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Rules 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). If a party "fails to obey an order to provide or permit discovery," the Court may "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 37(d)(1)(ii), (d)(3). In addition, Rule 41(b) provides that the Court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with . . . a court order." *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("[W]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly

---

[4] The Court's order explained that "[i]f Woodbury is concerned about the potential disclosure of sensitive personal information related to her medical treatment, she may request that Victory consent to a stipulated order of confidentiality and submit a proposed order to the Court for approval." (ECF No. 90 at 5.)

administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action.").

The Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose" under Rule 37. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001); *see also Rangarajan*, 917 F.3d at 226 (discussing similar factors courts must consider prior to dismissal under Rule 41(b)). The Court must consider:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Id.*

Here, all factors weigh in favor of dismissal with prejudice.[5] With regard to the first factor, Woodbury has acted in bad faith and is personally responsible for her conduct. "Bad faith can be established by 'noncompliance [or] haphazard compliance . . . [with] discovery orders.'" *LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 195 (D. Md.), *aff'd,* 706 F. App'x 811 (4th Cir. 2017) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989)). In addition, "a party's failure to provide a satisfactory reason why its discovery responses were not timely" is further evidence of bad faith. *Id.* (internal quotation marks omitted).

In its previous order (ECF No. 90), the Court specifically stated how Woodbury was to answer Victory's interrogatories (completely and non-evasively, and without withholding

---

[5] In its Motion, Victory requests that the Court sanction Woodbury by entering default judgment against her. But a default and default judgment may only be entered against a party "against whom a judgment for affirmative relief is sought." Fed. R. Civ. P. 55(a). In this case, Victory does not seek any affirmative relief against Woodbury. Under these circumstances, dismissal is the more appropriate sanction under Rule 37. *See* 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2289 n.26 (3d ed. Apr. 2019 Update) (collecting cases where courts have entered default judgment against *defendants* for discovery violations).

9

discovery based on any objection) and a deadline by which she was to produce responsive documents. The Court also warned her of the potential sanctions if she violated the Court's order. But Woodbury continued to obstruct Victory's discovery efforts—and the Court's efforts to get her to produce discovery—by providing only non-specific, evasive, and incomplete answers to several interrogatories and by continuing to withhold responsive documents. Woodbury's noncompliance with the Court's previous order and her failure to respond to the motion for sanctions with any explanation demonstrates her bad faith.

Woodbury is the only person to blame for her misconduct because she is representing herself. The Court is mindful of the challenges faced by self-represented litigants. For this reason, the Court spent extra time in its previous order (ECF No. 90) explaining why Woodbury had to respond to Victory's discovery requests and how she was to do so. The Court also warned her of the potentially severe sanctions that awaited her if she did not comply with the Court's order.[6] *See Rangarajan*, 917. F.3d at 225 (noting that "giving notice [of potential sanctions] is an aspect of fairness in procedure that might relate to the ultimate fairness of imposing any sanction"); *see also Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (reiterating that while "[p]ro se litigants are entitled to some deference from courts," they "are subject to the [same] time requirements and respect for court orders [as other litigants] without which effective judicial administration would be impossible").

Regarding the second factor, Victory has suffered significant prejudice because the discovery requests are directed to the issues of liability and damages in this case. Without the

---

[6] During the pre-motion telephone conference held on April 10, 2019, the Court again put Woodbury on notice that if it concluded that she had committed a sufficiently egregious violation of its previous order, the Court would "recommend that Judge Chuang . . . dismiss the Plaintiff's case with prejudice." (ECF No. 101 at 10.)

10

discovery that it seeks from Woodbury, Victory is hampered in its ability to prepare a defense. Victory denies that it unlawfully discriminated against Woodbury, so it will be crucial for Victory to discover what witnesses (besides herself) Woodbury will rely on. Woodbury has refused to provide this basic information, and her refusal is apparently based on nothing more than a feeling of stress. Woodbury brought this case against Victory and has the obligation to comply with the Court's orders and the discovery rules. Her failure to do so cannot be excused.

Victory correctly notes that "[a]s the discovery delays have continued, the likelihood that pertinent documents are lost or destroyed, critical memories fade or witnesses move or die ever increases." (ECF No. 97-1 at 15.) In addition, Victory is prejudiced because its efforts to defend against Woodbury's wide-ranging damages claims have been hampered. Woodbury has provided only the most general and meandering description of the damages she claims. Victory has also suffered prejudice because of the legal fees it incurred in connection with its efforts to get Woodbury to meet her discovery obligations. And because Woodbury qualified to proceed *in forma pauperis* in this case, Victory will be unlikely to ever recover any monetary sanction that the Court might issue against Woodbury. For these reasons, I find that Victory has been prejudiced by Woodbury's noncompliance with the Court's order and the federal rules.

As to the third factor, there is a need to deter Woodbury and future litigants from defying the discovery rules and orders of the Court. If Woodbury had simply complied with the Federal Rules of Civil Procedure and this Court's order compelling the production of discovery, her case could have proceeded to dispositive pretrial motions and possibly trial in an orderly fashion. But Woodbury flouted the Court's clear directive that she produce discovery in connection with Victory's requests. This sort of conduct must be deterred because it undermines the ability of litigants to obtain the required information to defend or prosecute their cases, which in turn

"seriously undermine[s] the truth-seeking function of the Court." *Rangarajan*, 917 F.3d at 227 (internal quotation marks omitted).

Regarding the fourth factor, Woodbury's conduct demonstrates that sanctions less severe than dismissal will be ineffective.[7] Woodbury brought this case, then proceeded to flout her discovery obligations and violate this Court's order compelling her to produce discovery, even after she was warned that dismissal could result from any violation. "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Tam Anh Pham v. Deutsche Bank Nat. Trust Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) (citing *Ballard*, 882 F.2d at 95-96). After Victory filed its Motion seeking case-dispositive sanctions, Woodbury did not even file a response. It is true that lesser sanctions are available, such as precluding Woodbury from calling certain witnesses, introducing certain evidence, or claiming certain damages. But in this case, Woodbury's misconduct is so serious that Victory's ability to even contest its liability and make a basic defense against Woodbury's claims for damages is seriously compromised. In addition, Victory has been forced to expend a substantial amount of time at likely significant expense getting Woodbury to comply with her basic discovery obligations.[8] The Court itself has spent many hours working on this case because of Woodbury's

---

[7] Woodbury's conduct during her deposition is not central to Victory's Motion, but it is notable for its impropriety. Woodbury consistently gave evasive answers, refused to answer questions, and taunted and insulted Victory's counsel. (*See* ECF No. 97-9 at 9, 32-35, 45, 47, 59, 153, 162, 210, and 212.) Woodbury's conduct during the deposition (and the meet and confer session, *see* ECF No. 97-10 at 96-97 and 127) is additional evidence of her bad faith.

[8] The Court observes that Victory has gone to great lengths to accommodate Woodbury. The most striking instance of Victory's efforts to help Woodbury produce the discovery it requested is how Victory arranged for Woodbury to make her document production to a FedEx store. This would have allowed for Woodbury's documents to be copied at Victory's expense and with minimal burden on her. She nonetheless refused to follow through on producing the documents for copying at the FedEx store, even after she had agreed to do so. (*See* ECF No. 97-10 at 114-15, 156-57.) She has offered no explanation for her conduct. The Court looks to this instance as further evidence of Woodbury's bad faith.

failure to produce the discovery that is required of her. This is time that the Court was unable to spend on other cases where litigants have complied with the Court's procedural rules and have not defied the Court's orders. While even dismissal with prejudice will not repay Victory for the time it spent attempting to get Woodbury to comply with her discovery obligations, it will at least ensure that she is unable to refile her claims against Victory once this case is dismissed. This will save Victory the future expense of defending itself against a litigant who does not comply with the rules and has disregard for the authority of the Court. Dismissal with prejudice is the only sanction that will be effective.

For the same reasons as set forth above, dismissal with prejudice is also warranted under Rule 41(b). *See Rangarajan*, 917 F.3d at 226. While "dismissal is not a sanction to be invoked lightly," it is warranted in this case. Woodbury is personally responsible for her failure to comply with the Court's previous order (ECF No. 90), Victory has been prejudiced, there is a need to deter this sort of misconduct in the future, and no sanction less drastic than dismissal with prejudice will be effective. *Id.* In addition, in light of the Court's warning to Ms. Woodbury that her failure to comply with its order might result in dismissal, a less severe sanction could "place[] the credibility of the court in doubt and invite[] abuse." *Ballard*, 882 F.2d at 95-96.

## III. CONCLUSION

In conclusion, I recommend that the Court grant the Motion for Sanctions (ECF No. 97) filed by Victory and dismiss Woodbury's case with prejudice pursuant to Rule 37(b) and alternatively Rule 41(b).

I also direct the Clerk to mail a copy of this Report and Recommendation to Plaintiff Shera Woodbury.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

May 16, 2019
Date

/s/
Timothy J. Sullivan
United States Magistrate Judge